IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KYNDALYN CHERRY, individually and on behalf of all persons similarly situated,** | **Civil Action No. 2:22-cv-2179** |
| **Plaintiff,** | **Complaint – Collective Action** |
| v. | |
| **BAPTIST MEMORIAL HEALTH CARE CORPORATION and MISSISSIPPI BAPTIST MEDICAL CENTER, INC. d.b.a. BAPTIST MEMORIAL HOSPITAL— MISSISSIPPI BAPTIST MEDICAL CENTER,** | **JURY DEMAND** |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Kyndalyn Cherry ("Plaintiff") through her undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendants Baptist Memorial Health Care Corporation ("BMHCC") and Mississippi Baptist Medical Center, Inc. d.b.a. Baptist Memorial Hospital—Mississippi Baptist Medical Center ("BMH") (together, "Baptist" or "Defendants"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Plaintiff asserts her FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### INTRODUCTION

1. Baptist Memorial Health Care Corporation ("BMHCC") is a premiere regional

healthcare system that presents itself as a ministry-driven, patient-focused, and cost-effective healthcare provider serving communities throughout the Mid-South. BMHCC operates nineteen (19) hospitals across Tennessee, Arkansas, and Mississippi. Its network includes Mississippi Baptist Medical Center, Inc. d.b.a. Baptist Memorial Hospital—Mississippi Baptist Medical Center ("BMH"), which is located in City of Jackson, MS. *See* Baptist Hospital Locations, *available at* https://www.baptistonline.org/locations (last visited March 23, 2022).

2. BMHCC employs hundreds of nurses throughout its network of hospitals to provide high-quality care to their patients. Over the course of the COVID-19 pandemic, these frontline workers have risked their lives to continue providing excellent patient care, often being called on to work excess hours and take on additional shifts for the benefit of BMHCC and its patients.

3. This case is about Defendants' willful and unlawful failure to pay its Nurses for all hours worked, their failure to pay proper premium rates for hours worked in excess of forty per workweek, and their failure to factor earned, non-discretionary bonuses into each nurse's "regular rate" for the purpose of determining their appropriate overtime rates of pay, as is required by law. Defendants' continuous and reckless disregard for applicable labor laws deprived Plaintiff and all other similarly situated persons of wages that they were and are entitled to by law.

**JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside and conduct business in this judicial District and Division, and a substantial part of the events and omissions giving rise to Plaintiff's and Collective Members' claims occurred within this judicial District and Division.

## PARTIES

6.     Plaintiff Kyndalyn Cherry ("Plaintiff") is a Registered Nurse who has worked for Defendants from approximately August 2021 until the present date. Plaintiff is a citizen of Mississippi and resides in Brandon, Mississippi. Pursuant to 29 U.S.C. § 216(b), Plaintiff Cherry has consented in writing to be a plaintiff in this action. *See* Exhibit A.

7.     Defendant Baptist Memorial Health Care Corporation is a faith-based, non-profit healthcare organization that provides health services to communities throughout the Mid-South, including in the States of Tennessee, Mississippi, and Arkansas. BMHCC is a Tennessee corporation and is headquartered at its principal office located at 350 North Humphreys Boulevard, Memphis, TN 38120.

8.     Defendant Mississippi Baptist Medical Center, Inc. d.b.a. Baptist Memorial Hospital—Mississippi Baptist Medical Center is a hospital within the BMHCC network. Its principal office is located at 1225 N State St, Jackson, MS 39202.

9.     The unlawful acts alleged in this Complaint were committed jointly by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

10.     Defendants jointly employed and continue to employ Plaintiff and other similarly situated employees, as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

11.     Specifically, Plaintiff works for BMHCC at its Baptist Memorial Hospital—Mississippi Baptist Medical Center location in Jackson, Mississippi.

12.     Plaintiff's pay checks are issued to her directly by BMHCC out of its Memphis, Tennessee headquarters.

13.     During all material times to this action, Plaintiff is and has been an employee of

Defendants and is covered by the FLSA.

14. During all material times to this action, Defendants are employers and/or enterprise covered by the FLSA.

15. At all times material to this action, Defendants have been engaged in commerce or in the production of goods for commerce as defined by the FLSA, and Defendants' employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce, as described by 29 U.S.C. §§ 206-207.

16. Defendants' annual gross sales exceed $500,000.

## COLLECTIVE DEFINITION

17. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following proposed collective:

> All current and former nurses who were employed by Defendants and paid on an hourly basis in the United States during the applicable limitations period who worked more than forty (40) hours in at least one workweek (the "FLSA Collective" or "Nurses").

18. Plaintiff reserves the right to redefine the Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

**A.    Defendants Did Not Pay Plaintiff and Other Nurses Proper Overtime Premiums**

19. Plaintiff Kyndalyn Cherry is a Registered Nurse and has worked at BMHCC's Mississippi Baptist Medical Center, located in Jackson, MS, from on or around August 2021 until the present date. Plaintiff is primarily responsible for caring for patients admitted to any of the hospital's three Intensive Care Units ("ICU"): the ICU East, the Adult ICU, and the Surgical ICU.

20. Plaintiff typically works anywhere between three (3) to seven (7) 12-hour shifts per weekly period, and she has even worked up to eighty-six (86) hours in a single week.

4

21. Due in large part to the volatility of hospitalization needs, unpredictable staffing, and a healthcare system long strained by the COVID-19 pandemic, Defendants have sought to implement various strategies that allow them to fully deploy their staff personnel in order to combat labor shortages and continue to deliver high-quality patient care.

22. Specifically, as a means to incentivize Nurses, including Plaintiff, to agree to undertake additional work shifts during periods of labor shortages, Defendants have implemented several ongoing bonus programs (the "Bonuses") that are not discretionary and offer predetermined monetary incentives to be added to an employee's regular hourly rate to reward them for increasing, or even "tripling", their workload.

23. The non-discretionary Bonuses include, without limitation:

   a. A "Star Pay" bonus paid to Nurses for picking up any work shifts in excess of their scheduled commitment, or for "tripling" their workload;

   b. A "COVID Flex" bonus paid to staff employees, including Nurses, for picking up any work shifts in excess of their scheduled commitment;

   c. A retention bonus paid to Nurses who complete the full, or half, portion of their contract;

   d. An evening shift differential paid to nurses who work between the hours of 3 PM and 11 PM;

   e. A night shift differential paid to nurses who work between the hours of 11 PM and 7 AM;

   f. A weekend shift differential paid to nurses who work weekend hours between Friday at 3 PM and Monday at 7AM; and

   g. A charge differential.

24. Defendants paid these bonuses to Plaintiff and similarly situated employees, but Defendants failed to include such bonuses in the "regular rate" used to calculate the proper overtime rate of pay for Plaintiff and similarly situated employees in the weeks that the bonuses were paid. Defendants' failure to include such bonuses resulted in Plaintiff and similarly situated employees receiving lower overtime rates than they were owed for the weeks in which the bonuses were paid.

25. These non-discretionary Bonuses should have been included in calculating Plaintiff's and similarly situated employees' proper overtime premium rates of pay.

26. Pursuant to the FLSA, non-discretionary bonuses are included in the employee's regular rate of pay unless they qualify as excludable under another statutory provision. According to the United States Department of Labor, which is charged with overseeing implementation of the FLSA, "[e]xamples of non-discretionary bonuses that must be included in the regular rate" of pay for purposes of calculating and paying overtime compensation include:

- Bonuses based on a predetermined formula, such as individual or group production bonuses;
- Bonuses for quality and accuracy of work;
- Bonuses announced to employees to induce them to work more efficiently;
- Attendance bonuses; and
- Safety bonuses (*i.e.*, number of days without safety incidents).

U.S. Dept. of Labor, Wage & Hour Div., *Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA)*.

27. The Bonuses that BMHCC offers to its Nurses are intended to incentivize Plaintiff and other members of the FLSA Collective to agree to work extra shifts and assist BMHCC in carrying out the full operations of its hospitals during critical staffing shortages. The Bonuses are

guaranteed so long as Plaintiff and other FLSA Collective Members pick up work shifts in excess of their scheduled commitment.

28. The Bonuses are based on a pre-determined formula and are advertised to Defendants' non-exempt employees, including Nurses, in advance of their agreeance to work additional shifts.

29. Plaintiff and FLSA Collective Members are aware of the Bonuses due to Defendants' advertising, and they expect to receive the Bonuses following the completion of each shift worked in excess of their scheduled commitment.

30. The Bonuses are paid as part of Plaintiff and FLSA Collective Members' usual wages and are treated as compensation along with their base salaries.

31. Nonetheless, Defendants maintain the unlawful practice of excluding the Bonuses from the total compensation amount when determining an employee's "regular rate" for purposes of calculating the appropriate overtime rate of pay.

32. Plaintiff and other similarly situated employees are entitled to proper overtime premium compensation for any hours worked over forty (40) in a workweek. Furthermore, any compensation earned that is attributable to non-discretionary bonuses should be included in their "regular rate" for purposes of calculating the appropriate overtime premium rate of pay.

33. Notwithstanding Defendants' failure to factor non-discretionary Bonuses into employees' "regular rates" for purposes of calculating appropriate overtime rates of pay, Defendants have also failed to pay Plaintiff and other similarly situated employees at the premium rate of one and one half (1 ½) times the "regular rate" for all hours worked in excess of forty (40) per workweek, as is required by law.

34. Defendants' failure to pay overtime premiums for all hours worked in excess of

forty (40) per workweek has denied Plaintiff and similarly situated employees of the proper overtime rates they were lawfully owed for each week in which they worked overtime.

35. Defendants' failure to pay proper overtime premiums to Plaintiff and similarly situated employees is a violation of the FLSA.

**B.     The Failure to Properly Compensate Nurses is Willful**

36. Defendants' actions in violation of the FLSA were and are made willfully in an effort to avoid liability under the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendants' actions and failures to act.

37. Defendants are sophisticated corporations with access to Human Resources departments who can and should advise Defendants of their obligations under the FLSA.

38. Defendants have been sued previously for wage violations and therefore are on notice of their obligations under the FLSA. *See, e.g.*, *Ellis et al. v. Baptist Mem. Health Care Corp.*, No. 3:18cv-0073 (N.D. Miss.); *White v. Baptist Memorial Health Care Corporation, et al.*, 2:18-cv-02478 (W.D. Tenn.); *Frye v. Baptist Memorial Hospital – Memphis, TN*, No. 2:07-cv-02708 (W.D. Tenn.).

39. Moreover, Plaintiff has complained directly to Defendants about the wage violations outlined herein.

40. Specifically, on December 2, 2021, February 18, 2022, and February 23, 2022, Plaintiff raised her concerns with the ICU Director of Defendants regarding Defendants' failure to release payment for a non-discretionary bonus that she earned for picking up an additional COVID-19 shift.

41. Despite Plaintiff's numerous good-faith efforts to engage Defendants in a discussion to resolve her pay issues and recover all compensation owed to her, Defendants have

failed to amend their unlawful pay practices, have not provided retroactive pay for all compensation owed to Plaintiff and the Nurses, and have not made good-faith efforts to comply with the FLSA.

42. Defendants knowingly and unlawfully deprived Plaintiff and the Nurses of proper compensation by failing to pay Plaintiff and the Nurses at the appropriate overtime rate of compensation for overtime work performed.

43. Plaintiff and other similarly situated employees were paid several forms of bonus compensation that were not discretionary and should have been included in their "regular rate" of pay for purposes of determining their appropriate overtime rates of compensation. Defendants' failure to include such bonuses resulted in Plaintiff and the Nurses receiving lower overtime rates than they were owed for the weeks in which the bonuses were paid.

44. Notwithstanding Defendants' exclusion of non-discretionary bonuses from the "regular rate" when calculating the appropriate rate for overtime, Defendants also failed to pay Plaintiff and the Nurses at the premium rate of one and one half (1 ½) times the "regular rate" for all hours worked in excess of forty (40) per workweek, as required by law.

45. Defendants knew, or absent their own recklessness should have known, that at all material times to this action, Plaintiff and other non-exempt employees were and are employees covered by the FLSA, as described in 29 U.S. Code § 203, and they have the legal right to bring claims forth for any wage-and-hour violations committed by Defendants at any time within the applicable statue of limitations period, as described in 29 U.S. Code § 255.

46. Defendants knew, or absent their own recklessness should have known, that all the work they required of Plaintiff and the Nurses should have been compensated, under the FLSA.

47. Defendants knew, or absent their own recklessness should have known, that the

non-discretionary bonuses that they paid should have been properly incorporated into the regular rate for purposes of calculating the appropriate overtime rates of compensation, under the FLSA.

48. Defendants do not maintain accurate records of the actual hours that Plaintiff and other Nurses worked, sufficient to determine their lawful wages, actual hours worked, proper overtime rates, and other conditions of employment, as required by law.

49. Even though the FLSA requires overtime premium compensation for hours worked over forty (40) hours per week, Defendants do not pay their Nurses, such as Plaintiff, all overtime compensation owed and do not pay proper overtime premiums.

50. Defendants knew, or absent their own recklessness should have known, that their Nurses were entitled to such overtime premiums.

51. By failing to properly pay all overtime compensation owed to Plaintiff and other Nurses for hours worked in excess of forty (40) per workweek, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA wage and hour provisions.

52. Defendants have not made good faith efforts to comply with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

54. Plaintiff desires to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to the Defendants' previously described common pay and timekeeping practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40)

during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

56. Specifically, Defendants failed to compensate Plaintiff at the time and a half (1 ½) premium rate for all hours worked in excess of forty (40) per workweek, and they additionally failed to factor non-discretionary bonuses into the hourly rate for purposes of calculating overtime.

57. The FLSA Collective Members have the same or closely similar job duties as the Plaintiff, and all Plaintiff and Collective Members were paid by Defendants in the same manner, in violation of the FLSA. Accordingly, the named Plaintiff is similarly situated to all FLSA Collective Members.

58. Plaintiff and the FLSA Collective Members performed the same type of work, the manner and terms of which were controlled by the Defendants, and they were not paid for all time worked or at the proper overtime rate as required by federal law.

59. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business records and the records of any payroll companies Defendants use.

60. Defendants employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and they should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective Against All Defendants)

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which she is employed. *See* 29 U.S.C. § 207(a)(1).

63. Defendants are subject to the wage requirements of the FLSA because each of the Defendants is an "employer" under 29 U.S.C. § 203(d).

64. At all relevant times, each of the Defendants were, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. Alternatively, Defendants are subject to the wage requirements of the FLSA because Defendants are joint employers pursuant to the FLSA. *See* 29 C.F.R. § 791.2.

66. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

67. Plaintiff and the FLSA Collective Members are not exempt from the requirements of the FLSA.

68. Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

69. Defendants' compensation scheme applicable to Plaintiff and the FLSA Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

70. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

71. Defendants also failed to create, keep, and preserve records with respect to work performed by Plaintiff and the FLSA Collective Members sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

72. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

73. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    c. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    d. Liquidated damages to the fullest extent permitted under the law;

    e. Punitive damages as permitted under the law;

    f.    Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    g.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues of fact.

Dated: March 23, 2022               Respectfully submitted,

                                        */s/ Camille Fundora Rodriguez*
Shanon J. Carson, PA Bar ID 85957
Camille Fundora Rodriguez, PA Bar ID 312533
Alexandra K. Piazza, PA Bar ID 315240
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
scarson@bm.net
crodriguez@bm.net
apiazza@bm.net

*Attorneys for Plaintiff
and the Proposed FLSA Collective*