IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KYNDALYN CHERRY, individually and on behalf of all persons similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**BAPTIST MEMORIAL HEALTH CARE CORPORATION and MISSISSIPPI BAPTIST MEDICAL CENTER, INC. d.b.a. BAPTIST MEMORIAL HOSPITAL— MISSISSIPPI BAPTIST MEDICAL CENTER,**<br><br>**Defendants.** | Case No. 2:22-cv-2179-JTF-cgc<br><br>Collective Action |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT AND ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiff Kyndalyn Cherry's Unopposed Motion for Approval of the Settlement Agreement and Attorneys' Fees and Costs, filed on May 4, 2023. (ECF No. 39.) The Court previously entered an order allowing the parties to file the proposed settlement agreement under seal on May 3, 2023. (ECF No. 35.) Having reviewed the motion and the proposed settlement agreement, the Court **FINDS AND ORDERS** as follows:

1. To protect the privacy of the Settlement Collective Members who are not parties to this matter and have not yet agreed to the settlement, the Court reviewed the Parties' Settlement Agreement *in camera*, finding that the interest of protecting those individuals' privacy outweighs the presumption of allowing public access to judicial documents.

2. The Court approves the Parties' Settlement Agreement as a fair and reasonable

resolution of a *bona fide* dispute under the Fair Labor Standards Act. *Mazariegos v. MemMex, Inc.*, 2019 WL 11583455, at *2 (W.D. Tenn. Jun. 26, 2019) (citing *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).

3. In this analysis, the Court examines "(1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by an attorney who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354). With regards to fairness and reasonableness, the Court must examine "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. Jun. 13, 2014) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

4. Upon review of the settlement documents as submitted, the Court finds that these factors are satisfied. Resolving this case took eleven months of arms lengths negotiation between the two parties and multiple rounds of intensive ADR. The Plaintiffs' attorneys are members of a highly regarded employment law firm with extensive experience in negotiating and litigating Fair Labor Standards Act cases. The Settlement itself is fair and reasonable compromise based on a review of the issues at hand and the Settlement Agreement. Specifically, Plaintiff's Counsel has convincingly represented that the Net Settlement Amount reserved for the potential collective (i.e. sans attorneys' fees and expenses) amounts to 200% of the alleged shortfall in overtime payments contested in this case. (ECF No. 39-1, 10.) Further, the settlement is completely voluntary for all members of the collective, allowing an individual member to preserve their claims if they so

choose. Were this case to proceed to trial, the Plaintiffs success on the merits would not be guaranteed, and counsel has represented that they believe the settlement to an "excellent result" for the collective, while the motion was jointly filed by both parties. (ECF No. 39-1, 19.) There is no evidence of fraud or collusion on the record, and where no evidence exits, the court "may presume that no fraud occurred." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-cv-112-TBR, 2020 WL 2065793, at *2 (W.D. Ky. Apr. 29, 2020).

5. For settlement purposes, the Court finally certifies the following as a collective pursuant to 29 U.S.C. § 216(b):

> All current and former nurses who were employed by Defendants and paid on an hourly basis in the United States during the applicable limitations period who worked more than forty (40) hours and who received a seasonal bonus in at least one workweek between March 23, 2019 and March 19, 2022.

6. The Court approves the Service Payment in the Parties' Settlement Agreement to Named Plaintiff for her efforts in bringing and prosecuting this matter and for her broader release of claims in favor of Defendants.

7. The Court approves Berger Montague PC as Plaintiff's Counsel for the Settlement Collective.

8. The Court approves Plaintiff's Counsel's attorneys' fees in the amount of $65,528.54, and reimbursement of Plaintiff's Counsel's out-of-pocket costs and expenses in the amount of $1,138.13. Plaintiff's Counsel has cited to numerous cases supporting their contention that the hourly rates represented are in line with prevailing market rates and conditions. (*See* ECF No. 39-2, 10 – 11.) Further, the hours worked for a case of this size, given the time over which it pended and the amount of negotiation engaged in, are not excessive.

9. The Court approves the payment plan and authorizes dissemination of the Settlement Payments to the Settlement Collective Members by Defendants.

10. This Litigation, which was brought pursuant to 29 U.S.C. § 216(b), is hereby dismissed with prejudice against Defendants in accordance with the terms of the Settlement Agreement. Settlement Collective Members who timely negotiate their settlement checks are hereby enjoined from prosecuting any Released Claims against Defendants and the Releasees.

11. The Court hereby enters final judgment in this case. There being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court retains jurisdiction over the action only to the extent necessary to oversee and enforce the terms of the settlement.

**IT IS SO ORDERED** this 5th day of May, 2023.

*s/John T. Fowlkes, Jr.*
JOHN THOMAS FOWLKES, JR.
UNITED STATES DISTRICT JUDGE